UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRELL PERRY,

        Plaintiff,

v.                                  Case No. 08-12740
                                  Honorable Patrick J. Duggan

FRANK GREEN, JANETTE BROWN,
and VISHNAMPET THYAGARAJAN,[1]

        Defendants.

_____/

## OPINION AND ORDER DENYING DEFENDANT FRANK GREEN'S MOTION FOR SUMMARY JUDGMENT (Doc. 18) AND GRANTING DEFENDANT VISHNAMPET THYAGARAJAN'S MOTION TO DISMISS (Doc. 20)

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on January 13, 2010.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
                   U.S. DISTRICT COURT JUDGE

Plaintiff, a Michigan Department of Corrections' prisoner, initiated this lawsuit

pursuant to 42 U.S.C. § 1983 on June 26, 2008, alleging violations of his constitutional

rights during his confinement at the Charles Egeler Reception & Guidance Center.  On

September 8, 2008, Defendant Frank Greene filed a motion for summary judgment based

on exhaustion (Doc. 18).  On October 10, 2008, Defendant Dr. Vishnampet Thyagarajan

_____

[1]The Court is amending the caption to include Defendants Green's and Brown's first names (which were not originally provided by Plaintiff) and to reflect the correct spelling of Defendant Thyagarajan's name (which Plaintiff misspelled in his complaint and which has been spelled incorrectly by the other parties and the Court in various pleadings).

("Dr. Thyagarajan") filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 20).  This Court referred both motions to Magistrate Judge Paul J. Komives.

Magistrate Judge Komives filed his Report and Recommendation (R&R) with respect to Defendant Greene's motion on September 1, 2009, recommending that this Court deny the motion (Doc. 41).  Magistrate Judge Komives filed his R&R with respect to Dr. Thyagarajan's motion on September 3, 2009, recommending that this Court grant the motion (Doc. 42.)  At the conclusion of the R&Rs, Magistrate Judge Komives advises the parties that they may object to and seek review of the R&Rs within ten days of service upon them.  He further specifically advises the parties that "[f]ailure to file specific objections constitutes a waiver of any further right of appeal."

Neither party filed objections to Magistrate Judge Komives' R&R addressing Defendant Greene's motion.  After seeking and obtaining extensions of time from the Court to object to Magistrate Judge Komives' R&R addressing Dr. Thyagarajan's motion, Plaintiff filed objections to the R&R on October 30, 2009.  On the same date, Plaintiff filed a request for additional time to supplement his objections.  Plaintiff indicated that by the time he filed his objections, he had not been able to obtain two exhibits that he wished to submit: (A) a "Special Accommodation Notice" dated May 31, 2007; and (B) an affidavit from Defendant Brown.  Plaintiff has not submitted these exhibits as of today's date.  Because the Court finds that the exhibits will not alter the outcome and that further delay is unwarranted, it is addressing the R&Rs.

The Court has carefully reviewed the R&R addressing Defendant Greene's motion

2

and concurs with the conclusions reached by Magistrate Judge Komives.  Accordingly, the Court **DENIES** Defendant Green's motion to dismiss based on lack of exhaustion.

With respect to the R&R addressing Dr. Thyagarajan's motion, the Court will review those parts of the R&R to which objections are made.  *See* Fed. R. Civ. P. 72(b); *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001).  The Court, however, "is not required to articulate all of the reasons it rejects a party's objections."  *Halter*, 131 F. Supp. 2d at 944 (citations omitted).

In his objections, Plaintiff contends that "[t]here are genuine issues of material fact that cannot be found[] from the complaint" and that would be uncovered through discovery, thus precluding a ruling in Dr. Thyagarajan's favor.  Under Federal Rule of Civil Procedure 8, however, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action . . ."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 555, 570, 127 S. Ct. 1955, 1964-65 (2007).  The complaint must contain enough facts "to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]."  *Id*. at 556, 127 S. Ct. at 1965.

The Court agrees with Magistrate Judge Komives that Plaintiff's complaint fails to allege facts sufficient to state a claim upon which relief could be granted against Dr. Thyagarajan.  In his other pleadings, Plaintiff fails to suggest what facts may be uncovered that might support a viable claim against this defendant.

Plaintiff relates in his objections that Dr. Thyagarajan issued a Special Accommodation Notice on May 31 , 2007,[2] indicating that Plaintiff should be provided with a bottom bunk.  (Obj. at ¶ 6.)  Relying on an affidavit from Defendant Brown,[3] Plaintiff further states that Michigan Department of Corrections ("MDOC") Policy Directive 04.06.160 required Dr. Thyagarajan to immediately notify Housing Units and Control Center of this notice, but that he failed to do so.  (*Id.* ¶ 7.)  Plaintiff states that "because Dr. Thyagargion [sic] knew/should have known of medical staff's required duties but failed to ensure they were executed, Dr. Thyagargion [sic] willfully neglected Plaintiff's safety."  (*Id.*)

Even assuming that Dr. Thyagarajan failed to notify the Housing Unit and Control Center of the Special Accommodations Notice in the manner required by MDOC's policy directive, the Court cannot conclude that this constitutes deliberate indifference to Plaintiff's medical needs in violation of the Eighth Amendment or that Dr. Thyagarajan otherwise violated Plaintiff's constitutional rights.  According to Plaintiff, his "bottom bunk" detail was received on June 3, 2007– three days after Dr. Thyagarajan issued it. The fact that Plaintiff was not moved to a bottom bunk for an additional three days is not attributable to Dr. Thyagarajan.

For these reasons and the reasons stated in the R&R, this Court rejects Plaintiff's objections and concurs with Magistrate Judge Komives that Plaintiff fails to state a claim

---

[2]This is the first exhibit that Plaintiff requests more time to submit to the Court.

[3]This is the second exhibit that Plaintiff requests more time to submit to the Court.

4

upon which relief can be granted against Dr. Thyagarajan.  As such, Dr. Thyagarajan's

motion to dismiss is **GRANTED**.

      **SO ORDERED**.

                              s/PATRICK J. DUGGAN
                              UNITED STATES DISTRICT JUDGE

Copies to:
Darrell Perry, #219219
Florence Crane Correctional Facility
38 Fourth Street
Coldwater, MI 49036

Julia R. Bell, Esq.
Ronald W. Chapman, Esq.
Kimberley A. Koester, Esq.