UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRELL PERRY,

      Plaintiff,

v.                                                        Case No. 08-12740
                                                       Honorable Patrick J. Duggan

FRANK GREENE, JANETTE BROWN,
and VISHNAMPET THYAGARAJAN,

      Defendants.
_____/

## OPINION AND ORDER GRANTING DEFENDANTS GREENE'S AND BROWN'S MOTION FOR SUMMARY JUDGMENT

                At a session of said Court, held in the U.S.
                   District Courthouse, Eastern District
                    of Michigan, on  March 31, 2010.

      PRESENT:   THE HONORABLE PATRICK J. DUGGAN
                          U.S. DISTRICT COURT JUDGE

Plaintiff, a Michigan Department of Corrections' prisoner, initiated this lawsuit against Defendants pursuant to 42 U.S.C. § 1983 on June 26, 2008, alleging violations of his constitutional rights during his confinement at the Charles Egeler Reception & Guidance Center ("RGC").  Defendant Thyagarajan previously filed a motion to dismiss which this Court granted in an opinion and order on January 31, 2010, thereby dismissing with prejudice Plaintiff's claims against this defendant. On May 5, 2009, Defendants Frank Greene and Janette Brown (hereafter collectively "Defendants") filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(c).  Plaintiff filed a response to the motion on July 2, 2009.  This Court previously assigned all pretrial

matters in this lawsuit to Magistrate Judge Paul J. Komives. (Doc. 15.)

On February 26, 2010, Magistrate Judge Komives filed his Report and Recommendation (R&R) with respect to Defendants' motion. (Doc. 49.) In the R&R, Magistrate Judge Komives first recommends that this Court dismiss Plaintiff's Eighth Amendment claim against Defendants to the extent they are sued in their official capacities based on Eleventh Amendment immunity. However in footnote 14 of his R&R, Magistrate Judge Komives states that, to the extent Plaintiff is seeking injunctive relief against Defendants in their official capacities, they are not entitled to Eleventh Amendment immunity. With respect to Plaintiff's claim against Defendants in their individual capacities, Magistrate Judge Komives concludes that there is a genuine issue of material fact precluding summary judgment in their favor.

At the conclusion of his R&R, Magistrate Judge Komives advises the parties that they may object to and seek review of the R&R within fourteen days of service upon them. (*Id*. at 37.) He further specifically advises the parties that "[f]ailure to file specific objections constitutes a waiver of any further right of appeal." (*Id*.) Defendants filed objections to the R&R on March 11, 2010. (Doc. 51.) Plaintiff responded to their objections on March 29, 2010. (Doc. 52.) The parts of the R&R to which objections are made will be reviewed by the Court *de novo*. *See* FED. R. CIV. P. 72(b); *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001).

**Objection 1**

After stating that the Eleventh Amendment bars Plaintiff's claim for monetary damages against Defendants in their official capacities, Magistrate Judge Komives notes: "However, [a] plaintiff may seek injunctive relief from a state official sued in his or her official capacity." (R&R at 12 n.14.) To the extent Magistrate Judge Komives therefore is recommending that this Court deny Defendants' motion for summary judgment with respect to Plaintiff's claim for injunctive relief against them in their official capacities, Defendants contend that he erred. This Court agrees that Plaintiff's claim against Defendants in their official capacities, regardless of the relief sought, must be dismissed.

On November 18, 2008, after filing this lawsuit, Plaintiff was paroled. While Plaintiff subsequently was re-incarcerated, he is not being housed at RGC where Defendants work and there is no indication in the record that the conduct he claims previously violated his rights under the Eighth Amendment is continuing or is threatened. Therefore, there is no basis for entering injunctive relief in this case. Plaintiff's claim against Defendants in their official capacities will be dismissed in its entirety.

**Objection 2**

Defendants contend that Magistrate Judge Komives erred in analyzing the merits of Plaintiff's Eighth Amendment claim and the issue of qualified immunity. Defendants maintain that Magistrate Judge Komives erred in speculating that they were aware of the special accommodation requiring Plaintiff to be issued a bottom bunk detail that was issued during Plaintiff's previous incarceration in 2005, in concluding that Plaintiff in fact received the same special accommodation on May 31, 2007, and finding a genuine issue

of material fact as to whether they were deliberately indifferent to his serious medical needs by failing to confirm the existence of this special accommodation before Plaintiff fell from his bunk on June 1, 2007.

Magistrate Judge Komives made the following statement in support of his conclusion that Defendants knew or should have known about Plaintiff's special accommodation: "it makes sense that Nurse Orth's November 18, 2005 special accommodation notice . . . would have been accessible in some form to RGC staff [and thereby Defendants] on the day plaintiff arrived [at RGC]." (R&R at 25.) This Court finds no support in the record for this conclusion. Finding that the 2005 Special Accommodation Notice was accessible in SERAPIS [the ambulatory electronic medical record system used by the MDOC] does not mean that it was accessible to non-medical staff such as Defendants. Defendants in fact indicate that they do not have access to these records. (Doc. 51 at 6.) Furthermore, as Defendants point out, MDOC policy requires a returning prisoner to be reassessed by medical staff for the issuance of a *current*, valid Special Accommodation Notice based on the prisoner's medical condition at the time of his or her re-incarceration. (Obj. at 6 citing Doc. 32 Ex. D.)

This Court also finds no evidence to support Magistrate Judge Komives' conclusion that Plaintiff received a valid Special Accommodation Notice on May 31, 2007, of which Defendants could have confirmed the existence. While Dr. Thyagarajan examined Plaintiff and ordered a bottom bunk restriction on May 31, 2007, the evidence (as Magistrate Judge relates) is that the Special Accommodation Notice only was entered by Nurse Raley on June 2, 2007– a day *after* Plaintiff fell from the top bunk. (*See* R&R at

4

27.) For this reason, the Court believes that Defendants are entitled to summary judgment. Nevertheless, for the following additional reason this Court believes that summary judgment with respect to Plaintiff's Eighth Amendment claim against Defendants should be granted.

As set forth in the R&R, there are two components to an Eighth Amendment deliberate indifference claim that a plaintiff must demonstrate to prevail: an objective component and a subjective component. The objective component requires a showing that the alleged deprivation was "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 1977 (1994). Stated differently, the prisoner's medical needs must be or have been "sufficiently serious." *Hunt v. Reynolds*, 974 F.2d 734, 735 (6th Cir. 1992). The subjective component requires the plaintiff to show that the defendants had "a sufficiently culpable state of mind in denying [the inmate] medical care." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 895 (6th Cir. 2004) (citing *Farmer*, 511 U.S. at 834, 114 S. Ct. at 1977). "[A] plaintiff must establish that 'the official knows of and disregards an excessive risk to inmate health or safety,' which is to say 'the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Clark-Murphy v. Foreback*, 439 F.3d 280, 286 (6th Cir. 2006) (quoting *Farmer*, 511 U.S. at 837, 114 S. Ct. at 1979).

In his R&R, Magistrate Judge Komives states that there is a genuine issue of material fact with respect to "what defendants Greene and Brown knew and when they knew it." (R&R at 24.) Magistrate Judge Komives, however, only addresses *when* Defendants were aware or should have been aware of Plaintiff's special accommodation.

5

The magistrate judge does not identify *what* evidence Defendants knew that would have alerted them that "a substantial risk of serious harm exist[ed]" if Plaintiff was not placed on a bottom bunk immediately. This Court finds no such evidence in the record.

Therefore, this Court finds no evidence creating a genuine issue of material fact as to whether Defendants acted with a sufficiently culpable state of mind to satisfy the subjective component of Plaintiff's deliberate indifference claim. In reaching this conclusion, the Court considers that, to come within the Eighth Amendment's prohibition on cruel and unusual punishment, the offending conduct must reflect an "unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 102-03, 97 S. Ct. 285, 290 (1976). "[T]he conduct for which liability attaches must be more culpable than mere negligence; it must demonstrate deliberateness tantamount to intent to punish." *Horn by Parks v. Madison County Fiscal Court*, 22 F.3d 65653, 660 (6th Cir. 1994) (citations omitted). The evidence presented, viewed in a light most favorable to Plaintiff, does not reflect conduct by Defendants rising to this level.

Accordingly,

**IT IS ORDERED**, that Defendants' motion for summary judgment is **GRANTED**.

                                              s/PATRICK J. DUGGAN
                                              UNITED STATES DISTRICT JUDGE

Copies to:
Darrell Perry, #219219
Florence Crane Correctional Facility
38 Fourth Street
Coldwater, MI 49036

Julia R. Bell, Esq.

Ronald W. Chapman, Esq.
Kimberley A. Koester, Esq.
Magistrate Judge Paul J. Komives